Feeley, Timothy Q., J.
This case arose out of a motor vehicle accident that occurred on October 19, 2005, between plaintiff Richard Adams (“Adams”) and defendant Karen Backiel (“Backiel”). Defendant Mary Ellen Condon owned the vehicle, driven by Backiel. Defendant Bristol West Insurance Company (“Bristol”) is the insurance carrier for one or both of the defendants, and coverage of the accident does not appear to be disputed. It appears from the papers that Adams’s vehicle was struck from the rear by the vehicle driven by Backiel. In addition to various tort claims against the personal defendants, Adams alleges in Count XIII of the Complaint an unfair settlement practices claim against Bristol pursuant to G.L.c. 93A and c. 176D. Bristol, by motion filed on September 12,2008 [Docket No. 9], has moved to sever and stay Count XIII pending resolution of the underlying tort claims. For reasons discussed below, Bristol’s motions to sever and stay Count XIII are ALLOWED, except as stated below.
Discussion
The Court agrees with Bristol that the jury deciding damages on the underlying tort claims against Bristol’s insured(s) should not hear evidence relevant only to the unfair settlement practices claim. The court accepts the characterization in the memorandum decision of Justice Sosman in Monty v. Cenedrella and OneBeacon Insurance Group, LLC, Supreme Judicial Court for Suffolk County, No. SJ-2004-0480 (January 13, 2004), that “the standard practice is and has long been to stay discovery and trial of an unfair claim settlement practices case until the underlying tort claim has been resolved.” Even if not recognized as the standard practice, this Court rules that it is far the better practice where, as here, the 93A claim is factually distinct from the common-law claims, and involves evidence that would be irrelevant and inadmissible on the common-law claims.
Adams overstates the significance of Wyler v. Bonnell Motors, Inc., 35 Mass.App.Ct. 563 (1993). In that case, it is true that the court criticized the bifurcation of common-law and 93A claims. But in that case, as opposed to here, the common-law claim (abuse of process) and the 93A claim were established by the same factual conduct. The court rightly observed in that case “[t]wo trials [would] result instead of one, although the underlying facts and the witnesses are substantially the same.” Id. at 566. Here, the factual bases for the tort and unfair settlement practices claims are not substantially the same. Although the evidence on the tort claims is relevant to the unfair settlement practices claim, the reverse is not true. Moreover, Wyler recognized, despite criticizing the splitting of a case when two nearly identical trials would result, that “simultaneous! ] trials” include the ability of the court to reserve and decide the 93A claim independently of the common-law claim(s) before the jury. Id. at 566.
*645 ORDER
Accordingly, and in keeping with the above, the Court ALLOWS Bristol’s motion to sever, and ALLOWS Bristol’s motion to stay, with one exception. Adams may seek production of documents (but not interrogatories, admissions, or depositions) relevant only to Count XIII of the complaint. However, with respect to documents relevant only to the unfair settlements practices claim, Bristol shall assemble, preserve, and hold all documents falling within such requests so that they will be available for immediate production, if the court so wishes, upon the return of the jury verdict on the tort claims. Documents claimed to fall within the attorney-client privilege shall be assembled, preserved, and held separately, and a privilege log prepared for immediate production, if the Court so wishes, upon the return of the jury verdict on the tort claims.